The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, AR 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion on the following questions:
 1). Whether, in light of the Teacher Fair Dismissal Act and the Employee Fair Hearing Act, a teacher or non-certified employee can waive the right to a school board hearing and elect to go to final and binding arbitration before an impartial third-party arbitrator selected by the School District and the Classroom Teachers Association when termination or non-renewal of their contract is involved?
 2). Can the Association, as the collective bargaining agent of the school teachers and non-certified employees, waive this right to a school board hearing on behalf of the school teachers and non-certified employees whom the Association represents and sign collective bargaining agreements with the District recognizing final and binding arbitration on questions of termination and non-renewal of their contracts?
It is my opinion that the answer to both of these questions is, in all likelihood, "yes." The Teacher Fair Dismissal Act and the Public School Employee Fair Hearing Act can, in my opinion, be waived by a teacher or non-certified employee or by the Association on behalf of the teachers and non-certified employees, in favor of arbitration of termination and non-renewal, assuming that these are proper subjects of arbitration.[1]
Arkansas Code Annotated § 6-17-1503 (Cum. Supp. 1991) states in part that:
 [a] nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district strictly complies with all provisions of this subchapter and the school district's applicable personnel policies.
The subchapter referenced in § 6-17-1503 is The Teacher Fair Dismissal Act of 1983, as amended (A.C.A. §§ 6-17-1501—1510 (1987 and Cum. Supp. 1991)). Under this act, a teacher's contract may be terminated, non-renewed, or suspended only upon recommendation of the superintendent. A.C.A. § 6-17-1506 (1987). Notice of the superintendent's recommendation must be provided to the teacher. A.C.A. §§ 6-17-1056—1508 (1987). A nonprobationary teacher is then entitled to request a hearing before the board of directors. A.C.A. §§ 6-17-1509 (1987). A probationary employee may request a hearing for termination. A.C.A. § 6-17-1510 (1987).
Similar procedures apply under the Public School Employee Fair Hearing Act (A.C.A. §§ 6-17-1701—1705 (Cum. Supp. 1991)) with regard to non-certified employees.
A hearing before the board of directors of the district must therefore be held upon request of the teacher or non-certified employee. Under your questions, the individual employee, or the Association on behalf of the employees, would waive this right.
My research has yielded no clear prohibition against such a waiver. It should be noted that I have considered, in particular, whether the right to a hearing under the Teacher Fair Dismissal Act and the Public School Employee Fair Hearing Act falls into the category of minimum substantive guarantees which cannot be waived by the exercise of collective rights. The United States Supreme Court in Barrentine v. Arkansas-Best Freight System,450 U.S. 728 (1981) stated:
 Not all disputes between an employee and his employer are suited for binding resolution in accordance with the procedures established by collective bargaining. While courts should defer to an arbitral decision where the employee's claim is based on rights arising out of the collective-bargaining agreement, different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.
The Supreme Court in Barrentine thus held that the employees' statutory wage claims in a federal Fair Labor Standards Act ("FLSA") court action was not barred by the prior submission of their grievances to arbitration. The court noted that prior decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the act. Id. at 740. The court explained that permitting a collective bargaining agreement to take precedence over an individual employee's right to minimum wage and overtime pay would undermine the legislative policies behind the FLSA. Id. at 740-742. The court expressed concern that some employees' statutorily granted wage and hour benefits might be sacrificed in the balancing of individual and collective interests, and that an arbitrator may not be competent to resolve the typically complex questions of fact and law involved in FLSA claims. Id. at 743. The court concluded that prior submission of the wage claim to arbitration did not preclude a later FLSA suit "[b]ecause Congress intended to give individual employees the right to bring their minimum-wage claims under the FLSA in court, and because these congressionally granted FLSA rights are best protected in a judicial rather than in an arbitral forum. . . ." The following language from the case of Alexanderv. Gardner-Denver Co., 415 U.S. 36, 49-50 (1974) was quoted at the conclusion of Barrentine:
 In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under [the statute], an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.
450 U.S. at 745.
The case of Gardner-Denver Co. involved an action under Title VII of the Civil Rights Act of 1964 on the same facts that were before the arbitrator in a prior grievance and arbitration proceeding. The Supreme Court allowed the Title VII action, concluding that individual employees were granted a non-waivable public law right to equal employment opportunities under Title VII, and that arbitration provided an inadequate forum for enforcement of Title VII rights.
Barrentine and Gardner-Denver Co. both involved congressionally created substantive rights and guarantees designed to effectuate clear legislative policies. The right to a hearing under the Teacher Fair Dismissal Act and the Public School Employee Fair Housing Act would appear to be distinguishable from the minimum substantive guarantees at issue in those cases. While it should be noted that the Teacher Fair Dismissal Act has been held to give rise to a substantive property right of which a teacher may not be deprived except pursuant to constitutionally adequate procedures (Rogers v.Masem, 788 F.2d 1288 (8th Cir. 1985)), it may reasonably be concluded that arbitration can provide an adequate substitute in adjudicating disciplinary actions under the Teacher Fair Dismissal Act, assuming that constitutionally adequate procedures are incorporated into the arbitration proceeding.[2] The factors involved in Barrentine and Gardner-Denver, e.g.,
complexity of the factual and legal issues and public policy considerations, distinguish those cases and would in all likelihood not operate to prevent arbitration in this instance.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You have not asked, and thus this opinion does not address, whether termination and non-renewal of certified and non-certified employees' contracts are, as an initial matter, proper subjects of arbitration under Arkansas law. This opinion addresses the effect of the Teacher Fair Dismissal Act and the Public School Employee Fair Hearing Act.
[2] The Eighth Circuit Court of Appeals in Rogers v. Masem,supra, held that the school board was obligated to provide the teacher, at a minimum, notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. 788 F.2d at 1295.
[3] This is not to say, however, that arbitration of a disciplinary action would foreclose a suit by the employee under a separate cause of action seeking to enforce independent rights or claims derived from federal statutory schemes such as Title VII or 42 U.S.C. § 1983. As noted above, the Supreme Court has stated that an employee does not waive Title VII rights by being subject to a collective bargaining agreement. Barrentine,supra. See also McDonald v. City of West Branch,466 U.S. 284 (1984) (regarding § 1983).